E-FILED
Tuesday, 04 March, 2014  04:10:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(SPRINGFIELD DIVISION)

| | |
|---|---|
| JOHN MCQUILLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. |
| SPRINGFIELD PUBLIC SCHOOL DISTRICT | ) |
| 186, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, John McQuillan, by and through his attorneys, Daniel Noll,

Noll Law Office, LLC and John A. Baker, Baker, Baker, and Krejewski, LLC, and in support of

his complaint against the Springfield Public School District 186 (hereafter "District 186"), states

as follows:

## NATURE OF CASE

1.       This suit arises pursuant to Title II of The Americans with Disabilities Act, 42

U.S.C. § 12182, *et. seq.* (hereafter the "ADA") and The Rehabilitation Act of 1973, 29 U.S.C. §

701, *et. seq.* (hereafter the "Rehabilitation Act.").

## JURISDICTION

2.       This action is brought pursuant to U.S.C. § 12182, *et. seq* and 29 U.S.C. § 701, *et.*

*seq.* Jurisdiction is based upon 28 U.S.C. § 1331.

## VENUE

3.       The violations of the ADA and the Rehabilitation Act alleged herein were

committed within the Central District of Illinois, to wit: the City of Springfield, County of

1

Sangamon, and State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

## PLAINTIFF

4.      The Plaintiff, John McQuillan, is a United States citizen. He is a resident of the City of Springfield, County of Sangamon, and State of Illinois.

5.      He is the father of E.M., a minor who attends Lanphier High School (hereafter "Lanphier").

6.      Mr. McQuillan is disabled as that term is defined by both the ADA and the Rehabilitation Act.

7.      Specifically, Mr. McQuillan suffers from cerebral palsy which significantly impairs his mobility.

8.      As a result of the disease, he is confined to a wheelchair and is unable to walk.

## DEFENDANT

9.      District 186 is a public school district located in Springfield, Illinois.

10.     District 186 receives federal financial assistance.

## ADA AND REHABILITATION ACT BACKGROUND
## AND CONGRESSIONAL FINDINGS

11.     In 1990, the United States Congress made the following findings regarding physically disabled people:

    a.      laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;"

    b.      "historically society has tended to isolate and segregate individuals with disabilities;"

    c.      "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;"

2

      d.      "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals;" and

      e.      "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous . . ." 42 U.S.C. § 12101(a).

12.      The Congressional findings and policy are similar in the Rehabilitation Act where Congress found:

      a.      millions of Americans have one or more physical or mental disabilities and the number of Americans with such disabilities is increasing;

      b.      individuals with disabilities constitute one of the most disadvantaged groups in society;

      c.      disability is a natural part of the human experience and in no way diminishes the right of individuals to:

          i.      live independently;

          ii.      enjoy self-determination;

          iii.      make choices;

          iv.      contribute to society;

          v.      pursue meaningful careers; and

          vi.      enjoy full inclusion and integration in the economic, political, social, cultural, and educational mainstream of American society.  29 U.S.C. § 701(a).

13.      The regulations implementing Title II of the ADA establish the rule that:

      A public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. 28 CFR 35.150.

14. Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 USC § 794

## FACTUAL BACKGROUND

15.    Lanphier High School is one of three public high schools operated by District 186.

16.    Originally established in 1937, Lanphier High School was built long before the ADA was enacted on January 26, 1992.

17.    Nonetheless, subsequent to the ADA's enactment, there have been material alterations to Lanphier High School such as the building of a new commons wing.

18.    Lanphier High School has approximately 1,300 students.

19.    Lanphier High School has three floors where classes and extracurricular activities take place.

20.    Portions of Lanphier High School are properly classified as "existing facilities" under ADA Section 35.150 and other portions are properly classified as "altered facilities" under ADA Section 35.151.

21.    E.M. is a minor who attends Lanphier High School.

22.    E.M. is a freshman who intends on graduating in the spring of 2017.

23.    E.M. attends classes, events, and recitals on all levels of Lanphier High School.

24.    Mr. McQuillan has always played and continues to play a significant role in his son, E.M.'s, life.

25.     As part of this role, Mr. McQuillan has been an active participant in E.M.'s education.

26.     Prior to E.M. enrolling at Lanphier High School, Mr. McQuillan helped E.M. with homework, attended various school activities, attended parent teacher conferences, inspected classrooms and learning environments, and attended classes as E.M. progressed in his educational endeavors.

27.     Currently, E.M. is involved in guitar lessons and music recitals which are not accessible to Mr. McQuillan.

28.     Mr. McQuillan cannot observe his son's courses as they are being taught which he had done previously because they are inaccessible.

29.     Given his disability, Mr. McQuillan must stay on the first floor of Lanphier High School.

30.     Nondisabled parents and guardians are able to attend and participate in all aspects of their children's educational experiences.

## COUNT I
## ADA VIOLATION: "EXISTING FACILITIES"

31.     The Plaintiff restates and realleges all previously pled paragraphs.

32.     The ADA provides that no qualified individual with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. 28 C.F.R. § 35.130(a).

33.     Among other things, this means that a public entity may not "afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others."  §35.130(b)(1)(ii).

34.     For existing facilities, the ADA requires that "[a] public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." § 35.150(a).

35.     Lanphier High School provides a number of programs in which Mr. McQuillan would like to participate.

36.     However, he is unable to participate because the "existing facilities" at Lanphier High School are not readily accessible to individuals with mobility disabilities.

37.     For example, Mr. McQuillan cannot:

   a.  attend parent teacher conferences in the classroom;

   b.  observe E.M.'s guitar lessons;

   c.  sit in E.M.'s classes to observe his progress;

   d.  sit in E.M.'s classes to observe his teachers; and

   e.  access areas in which E.M. has studies and/or other events throughout the high school.

38.     Conversely, nondisabled parents are able to, and in fact encouraged to, attend and participate in the aforementioned educational activities, programs and experiences.

39.     Lanphier High School, and the programs that it offers, are not, as a whole, readily accessible to and usable by individuals with mobility disabilities. These deficiencies include, but are not limited to:

   a.  **Inadequate Restrooms:** Upon information and belief, Lanphier has only one restroom that is accessible to individuals with disabilities.  That restroom is located in one corner of the building and is very difficult to access. Further,

the restrooms without handicapped facilities do not have signage pointing to the facility that does have handicapped access.

b. **Inadequate Signage:** Upon information and belief, there are some school entrances that are handicapped accessible. However, the number is quite limited.  Further, there exists no exterior signage to direct individuals with disabilities where they can access the building.

c. **Limited Areas of the Building are Accessible:** Upon information and belief, only a small percentage of Lanphier is accessible to individuals with mobility disabilities.  The building does not have an elevator and there are steps (without ramps) that make it impossible to access different levels of the building.

d. **Water Fountains:** Lanphier High School does not have any water fountains that are accessible to individuals with disabilities.

40.    In implementing Title II of the ADA, Congress provided that programs are to be "readily accessible" to individuals with disabilities.   It explained:

> The term ["readily accessible"] is intended to enable people with disabilities (including mobility, sensory, and cognitive impairments) to get to, enter and use a facility. While the term does not necessarily require the accessibility of every part of every area of a facility, the term contemplates a high degree of convenient accessibility, entailing accessibility of parking areas, accessible routes to and from the facility, accessible entrances,  usable bathrooms and water fountains, accessibility of public and common use areas, and access to the goods, services, programs, facilities, accommodations and work areas available at the facility. Report of Committee on Education and Labor, H.R. Rep. 101-485, pt. 2, 117-18 (1990).

41.    Upon information and belief, less than twenty percent (20%) of Lanphier High School is accessible to individuals with mobility related disabilities.

42.     Upon information and belief, a number of the programs offered by Lanphier High School are entirely inaccessible to individuals with mobility related disabilities including Mr. McQuillan.

43.     The programs offered by Lanphier High School are not readily accessible for individuals with mobility related disabilities due to these deficiencies.

**WHEREFORE**, the Plaintiff, John McQuillan respectfully requests that this Court enter judgment in his favor and against District 186 and provide the following relief:

A.     A declaration that Lanphier High School does not provide meaningful access to its programs to individuals with mobility disabilities in violation of Title II of the ADA;

B.     An injunction directing District 186 to take the steps necessary to bring Lanphier High School into compliance with Title II of the ADA;

C.     His costs of suit and reasonable attorney fees in bringing this claim; and

D.     Retain jurisdiction over this matter until such time as the Court is satisfied that Lanphier High School is brought into compliance with Title II of the ADA.

<u>**COUNT II**</u>
<u>**ADA VIOLATION: "ALTERED FACILITIES"**</u>

44.     The Plaintiff restates and realleges all previously pled paragraphs.

45.     In addition to the general requirement that District 186's programs must be accessible, the altered commons facilities and Lanphier High School must meet certain mandated accessibility guidelines.

46.     The Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG") articulate the minimum technical requirements for ADA compliance by new construction or alterations to existing facilities.

47. The commons addition does not fully comply with the ADAAG because:

    a. there is inadequate signage;

    b. there are no handicapped accessible water fountains;

    c. the exterior doors are not accessible without another person helping; and

    d. there is only one handicapped accessible bathroom.

**WHEREFORE**, the Plaintiff, John McQuillan respectfully requests that this Court enter judgment in his favor and against District 186 and provide the following relief:

    A. A declaration that Lanphier High School does not provide meaningful access to its programs to individuals with mobility disabilities in violation of Title II of the ADA;

    B. An injunction directing District 186 to take the steps necessary to bring Lanphier High School into compliance with Title II of the ADA;

    C. His costs of suit and reasonable attorney fees in bringing this claim; and

    D. Retain jurisdiction over this matter until such time as the Court is satisfied that Lanphier High School is brought into compliance with Title II of the ADA.

## COUNT III

## REHABILITATION ACT

48. The Plaintiff restates and realleges all previously pled paragraphs.

49. Lanphier School is not in compliance with the Rehabilitation Act.

**WHEREFORE**, the Plaintiff, John McQuillan respectfully requests that this Court enter judgment in his favor and against District 186 and provide the following relief:

    A. A declaration that Lanphier High School does not provide meaningful access to its programs to individuals with mobility disabilities in violation of the Rehabilitation Act;

B.  An injunction directing District 186 to take the steps necessary to bring Lanphier

High School into compliance with the Rehabilitation Act;

C.  His costs of suit and reasonable attorney fees in bringing this claim; and

D.  Retain jurisdiction over this matter until such time as the Court is satisfied that

Lanphier High School is brought into compliance with the Rehabilitation Act.

Respectfully Submitted,

**JOHN MCQUILLAN,**

/s/ Daniel A. Noll
DANIEL A. NOLL
Reg. No. 228987
Noll Law Office
930 E. Monroe
Springfield, Illinois 62701
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: dannoll@noll-law.com

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: johnbakerlaw@gmail.com